UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SLAVISH and CAROL SLAVISH, Administrators of the Estate of JASON C. SLAVISH, Decedent, and in their own right as Decedent's Parents,<br>　　　　Plaintiffs<br><br>v.<br><br>SIMPLEXGRINNELL, L.P.,<br>　　　　Defendant | CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED<br><br>NO. 3:13-CV-00631 |

### BRIEF IN SUPPORT OF THE PROCTER & GAMBLE PAPER PRODUCTS CO.'S MOTION TO QUASH SUBPOENA ISSUED BY COUNSEL FOR ANDREW SLAVISH, ET.AL.

AND NOW, comes the Proctor & Gamble Paper Products Co. by and through its counsel Scanlon, Howley & Doherty, P.C. and submits the following Brief in Support of its Motion to Quash Subpoena Issued by Counsel for Andrew Slavish, et.al.:

**I.　HISTORY OF THE ACTION:**

Plaintiffs, Andrew Slavish and Carol Slavish, as Administrators of the Estate of Jason C. Slavish, Deceased, initiated this action with the filing of a Complaint on February 19, 2013 in the Court of Common Pleas of Luzerne County. However, the matter was ultimately removed to this Honorable Court by the sole Defendant, Simplexgrinnell, L.P.

This action arises out of a fatal accident which occurred on March 24, 2012. At that time, the Deceased Plaintiff, Jason C. Slavish, sustained a fatal injury while working at the

Procter & Gamble Paper Products Co., ("Procter & Gamble") located in Mehoopany, Pennsylvania. Procter & Gamble Paper Products Co. is not a party to this instant action.

The Plaintiffs originally attempted to name Procter & Gamble as a Defendant in the lawsuit filed in the Court of Common Pleas of Luzerne County, at Docket Number 2012-13490. However, after Preliminary Objections, the Court of Common Pleas of Luzerne County dismissed the action with prejudice as against Procter & Gamble Paper Products Co. (See Exhibit "A").

Thereafter, the Plaintiffs proceeded with this instant federal action and has served Procter & Gamble with a "Subpoena to Produce Documents, Information, or Objects or Permit Inspection of Premises in a civil action." The materials responsive to this Subpoena are requested to be produced by May 1, 2013. See Exhibit "B" of Motion.

The information sought by the Plaintiffs from Procter & Gamble, which is not a party to this action, is irrelevant, overly broad, unduly burdensome, extremely expensive, and sought for the sole purpose of embarrassment and humiliation of Procter & Gamble Furthermore, much of the information sought is also proprietary and privileged information not subject to disclosure. As such, Proctor & Gamble has filed this instant Motion to Quash said Subpoena and seeking a Protective Order preventing Plaintiffs from seeking any and all information set forth in Plaintiffs' Subpoena.

**II.      QUESTION PRESENTED:**

SHOULD PLAINTIFFS' SUBPOENA SERVED ON PROCTER & GAMBLE PAPER PRODUCTS CO. BE QUASHED AND A PROTECTIVE ORDER ENTERED IN FAVOR OF PROCTER & GAMBLE PAPER PRODUCTS CO.?

SUGGESTED ANSWER:  {IN THE AFFIRMATIVE}

**III.     LEGAL ARGUMENT:**

Federal Rule of Civil Procedure, Rule 45(c)(2)(B) states that "a person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designed in the subpoena a written objection to the inspecting, copying, testing, or sampling, any or all the materials or to inspecting the premises-or to producing electronically stored information in the form or forms requested." See Fed R.Civ.P. 45(c)(2)(B). Furthermore, Federal Rule of Civil Procedure, Rule 26, authorizes "any party or person from whom discovery is sought may move for a protective order in the court where the action is pending...." See, Fed.R.C.P. 26(c)(1). It is well established that the District Court has discretion whether to quash or modify a subpoena. See, Ledgewood Village Pharmacy, Inc. v. United States, 421 F. 3d 263, 268 n.5 (3d Cir. 2005). While a party wishing to obtain a protective order bears the burden of demonstrating that good cause exists for the Order, it has been determined that irrelevancy satisfies this "good cause" requirement. See, Smith v. HCSC-Blood Ctr., Inc., Civ. A. 09-220, 2010 W.L. 4104669 (E.D. Pa. October 18, 2010).

In this case, Procter & Gamble is not even a party to this action; therefore, it is owed an even higher standard of protection from unjust, irrelevant, and unduly burdensome discovery request by both Plaintiffs' counsel and the Court. In addition to the unduly burdensome and irrelevant nature of the information sought by the Plaintiffs, such information is also protected from disclosure as it is proprietary and privileged materials involving trade secrets, which form the foundation of much of the business development and operations of Procter & Gamble. In this case, Plaintiffs' Subpoena is nothing more than a "fishing expedition" in which he has cast an unjustifiably broad net attempting to secure any and all information despite the fact that such information is irrelevant to the claims at issue in this matter, i.e. a defective fire alarm system.

As the Court is well aware, the claims asserted against the only Defendant in this case, Simplexgrinnell, L.P., arise out of an allegation of a defective fire alarm system in place at the time of Plaintiff's death. The information sought by the Plaintiffs in their proposed Subpoena to Procter & Gamble seeks disclosure of information regarding the Paper Machine 6M, which has nothing to do with the Simplexgrinnell, L.P. fire alarm system alleged to be defective. To place this issue in context, the Paper Machine 6M referenced in Plaintiffs' Subpoena is a four (4) story tall paper production machine, which encompasses an entire building at Procter & Gamble and has been in place for over thirty (30) years. Hundreds if not thousands of employees and subcontractors have utilized, repaired, or otherwise worked on this machine over the last thirty (30) years and the same has gone through multiple revisions and

improvements, all which are proprietary and confidential to the day-to-day operations of Procter & Gamble and the ultimate production of its consumer product. However, nothing in the design, repair, replacement, operation, use, or location of the Paper Machine 6M referenced in Plaintiff's Subpoena has anything to do with the alleged defective fire alarm system created and installed by Simplexgrinnell, L.P. This fire alarm system was not part of the operation of Paper Machine 6M nor was it created or installed by Procter & Gamble.

Much of the information identified in the rider to Plaintiff's proposed Subpoena is completely irrelevant and it would in no way shed any light on any of the claims asserted by the Plaintiffs against Simplexgrinnell, L.P. for its alleged defective fire alarm system. For example, Plaintiffs have sought information regarding the Deceased Plaintiff, Jason C. Slavish's, payroll records, benefit entitlements, vacation and personal time logs, performance reviews, and employment file. How would any such information ever have any relevance to a defective alarm system? Further, Plaintiffs have sought documentation on a thirty (30) year old machine regarding its purchase costs, the amount of force applied by the machine, a list of parts used in or created for the operation of the machine, marketing materials related to the machine, all entities or persons who provided any type of consulting services or recommendations for the machine, payment history regarding the machine, purchase orders for the machine, all individuals who provided any of the component parts for the machine, etc. All such requests are not only irrelevant, but are overly broad and would be unduly burdensome to produce by Procter & Gamble as the expense associated with such production

will be tens of thousands of dollars (if said information is even available) and would not shed even the smallest glimmer of light on Plaintiffs' present claims, which again involve the defective firm alarm system manufactured and installed by Simplexgrinnell, L.P. – something which has nothing to do with the Paper Machine 6M owned and operated by Procter & Gamble.

In addition to relevancy concerns, Paper Machine 6M is utilized by Procter & Gamble to produce consumer products that are patent protected and proprietary in nature. These proprietary and patent protected machinery, procedures, manuals, and design criteria form the basis of a key component of the competitive advantage Procter & Gamble enjoys over its competitors and disclosure of the same will violate the privileges and confidentially for which Procter & Gamble is legally owed and which may not be infringed upon by Plaintiffs' faulty Subpoena.

## IV.   CONCLUSION:

Accordingly, in light of the irrelevant, overly broad and unduly burdensome requests contained in Plaintiffs' Subpoena, which also seeks disclosure of proprietary and patent protected information, it is respectfully requested that this Honorable Court quash Plaintiffs' proposed Subpoena to Procter & Gamble Paper Products Co. and enter a Protective Order precluding such information being sought by the Plaintiffs.

                SCANLON, HOWLEY & DOHERTY, P.C.

By:  s/ James A. Doherty, III_____
     I.D. #93051
     James A. Doherty, Jr._____
     I.D. #23829
     1000 Bank Towers
     321 Spruce Street
     Scranton, PA 18503
     (570) 346-7651

     Attorneys for
     The Procter & Gamble Paper
     Products Company

**EXHIBIT "A"**

| | |
|---|---|
| ANDREW SLAVISH and, <br> CAROL SLAVISH, Administrators <br> Of the Estate of JASON C. SLAVISH, <br> Plaintiffs <br> v. | IN THE COURT OF COMMON PLEAS <br><br> OF LUZERNE COUNTY <br><br> CIVIL DIVISION |
| PROCTER & GAMBLE <br> PAPER PRODUCT CO. <br> and <br> SIMPLEXGRINNELL, LP <br> Defendants. | NO. 13490 of 2012 |

## ORDER

AND NOW, this 4 day of February, 2013, upon consideration of the Defendant's, Procter & Gamble Paper Product Co., Motion to Strike Plaintiffs' Writ of Summons and Request for a Demurrer, briefs of the respective parties, testimony presented and argument of counsel, it is HEREBY ORDERED and DECREED that said motion is GRANTED and the matter is dismissed against Procter & Gamble Paper Products Co., ONLY.

The Plaintiffs' Motion to Strike Objections to Plaintiffs' Pre-Complaint Interrogatories and Request for Production of Documents, along with Defendant's Objection to Venue under Pa.R.C.P. 1006 are therefore rendered MOOT.

The Prothonotary is directed to forward a copy of this order to all parties pursuant to Pa.R.C.P. 236.

BY THE COURT:

_____
    oni,        J.

Filing ID: 1416893
2012-13490-0023 Order with Rule 236
Luzerne County Civil Records
2/4/2013 3:52:19 PM