UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SLAVISH and, : | |
| CAROL SLAVISH, Administrators : | CASE NO.: 3:13 - 0631 |
| Of the Estate of JASON C. SLAVISH, : | |
| Decedent, and in their own right as : | JUDGE MANNION |
| Decedent's Parents, : | |
| : | |
| Plaintiffs, : | |
| : | |
| VS. : | |
| : | JURY TRIAL DEMANDED |
| SIMPLEXGRINNELL, L.P., : | |
| : | |
| Defendant. : | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL THE DEPOSITIONS OF THE CORPORATE DESIGNEE AND CERTAIN EMPLOYEES OF PROCTER & GAMBLE**

The Plaintiffs submit this Brief in Support of their Motion to Compel the Depositions of the Corporate Designee of Procter & Gamble ("P&G"), as well as four (4) employees of P&G, Emmett Dingee, Michelle Pointek, Richard Harvey, and Robin Rosin (the "P&G Employees").

I.  **RELEVANT FACTS AND PROCEDURE**

JASON C. SLAVISH, deceased, son of ANDREW SLAVISH and CAROL SLAVISH, was tragically injured on March 24, 2012 and subsequently died as a result of his injuries sustained at P&G's facility located in Mehoopany, PA.

1

The need for this Motion to Compel arises because of the continued inability, despite the best efforts of Plaintiffs' counsel, to schedule the depositions of the P&G Corporate Designee and the Employees, and because of the dilatory tactics employed by P&G's counsel, Attorney James A. Doherty, Jr., to delay the aforementioned depositions on numerous occasions over almost five (5) months.

On April 12, 2013, Plaintiffs' counsel forwarded a letter to counsel for P&G and Defendant in an attempt to schedule the deposition of the P&G Corporate Designee for July 10, 2013.

On April 15, 2013, P&G's counsel forwarded a letter to Plaintiffs' counsel indicating that he would seek out the P&G Corporate Designee and thereafter advise whether July 10th was an agreeable date for the deposition.

On April 17, 2013, Plaintiffs' counsel forwarded a letter to counsel for P&G and Defendant to describe with reasonable particularity the matters to be inquired of the P&G Corporate Designee, pursuant to F.R.C.P. 30(b)(6).

On May 22, 2013, Plaintiffs' counsel forwarded a letter to counsel for P&G and Defendant enclosing a subpoena (with attached rider and appropriate witness fee/mileage reimbursement) to require the deposition of the P&G Corporate Designee for July 10, 2013, pursuant to F.R.C.P. 45.

On May 22, 2013, Plaintiffs' counsel also forwarded letters to the P&G

Employees enclosing subpoenas (with appropriate witness fees/mileage reimbursements) to require the depositions of the P&G Employees for July 9, 2013, pursuant to F.R.C.P. 45.

The depositions of the P&G Corporate Designee and the Employees did not occur on July 9th and 10th due to no fault of the Plaintiffs or Plaintiffs' counsel.

Thereafter, on July 16, 2013, Plaintiffs' counsel again forwarded a letter to counsel for P&G and Defendant enclosing another subpoena (with attached rider and appropriate witness fee/mileage reimbursement) to require the deposition of the P&G Corporate Designee for July 25, 2013, pursuant to F.R.C.P. 45; however, due to a conflict of Defendant's counsel, this deposition had to be rescheduled.

Accordingly, on July 24, 2013, Plaintiffs' counsel forwarded a letter to counsel for P&G and Defendant to propose additional dates for the depositions of the P&G Corporate Designee and the P&G Employees.

Having received no response from P&G's counsel, on July 30, 2013, Plaintiffs' counsel forwarded a letter to counsel for P&G and Defendant scheduling the depositions of the P&G Corporate Designee and the Employees for August 15 and 16, 2013, respectively.

On July 30, 2013, P&G's counsel forwarded a letter to Plaintiffs' counsel

advising that he was not available for depositions until mid-September 2013.

Accordingly, on August 2, 2013, in yet another good faith attempt to amicably schedule the depositions, Plaintiffs' counsel forwarded a letter to counsel for P&G and Defendant to schedule the depositions of the P&G Corporate Designee and the Employees for September 11 and 12, 2013, respectively.

Notwithstanding Plaintiffs' counsel's August 2nd letter, on August 13, 2013, P&G's counsel forward a letter to Plaintiffs' counsel indicating that the deposition of the P&G Corporate Designee was tentatively scheduled for September 19, 2013; however, Plaintiffs' counsel was not available on this unilaterally-chosen date and advised P&G's counsel and advised P&G's counsel accordingly.

Accordingly, in yet another good faith attempt by Plaintiffs' counsel to amicably resolve the issues relative to the scheduling of the depositions, on August 23, 2013, Plaintiffs' counsel forwarded a letter to counsel for P&G and Defendant scheduling the depositions of the P&G Corporate Designee and the Employees for October 1 and 2, 2013, respectively.

On September 17, 2013, Plaintiffs' counsel forwarded a letter to counsel for P&G and Defendant confirming the October 1st and 2nd depositions.

However, on September 23, 2013, P&G's counsel advised Plaintiffs'

counsel that October 1st and 2nd were not agreeable dates for the depositions.

Plaintiffs' counsel has attempted in good faith on several occasions for almost five (5) months to schedule the depositions of the P&G Corporate Designee and the Employees, to no avail because of the conduct of P&G's counsel to delay the depositions and stall the case so that Plaintiffs are prejudiced at the time of trial.

Accordingly, Court intervention is necessary to compel the scheduling of the depositions in order to move this case forward effectively and efficiently, and to prevent any further delay by P&G's counsel.

As detailed herein, P&G's counsel has acted to delay the depositions of the P&G Corporate Designee and the P&G Employees, and Plaintiffs' counsel is fearful that additional delays and dilatory tactics will occur without Court intervention.

## II. ARGUMENT

The Federal Rules of Civil Procedure allow the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Charter Oak Fire Ins. Co. v. Am. Capital, Ltd., 2012 WL 5862735 (M.D. Pa. Nov. 19, 2012) (quoting Fed.R.Civ.P. 26(b)(1)). Relevant evidence need not be admissible at trial so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The court may compel responses to discovery if a corporation or other entity did not designate an organizational representative under Rule 30(b)(6). Fed. R. Civ. P. 37(a)(3)(B).

The deposition of the P&G Corporate Designee is necessary to discover and examine a variety of aspects surrounding the death of JASON C. SLAVISH as a result of injuries he sustained at P&G's Mehoopany facility on March 24, 2012, including, but not limited to:  the contents of the U.S. Department of Labor Occupational Safety and Health Administration's September 6, 2012 Citation and Notification of Penalty; Paper Machine 6M and that machine's energy control procedures they existed prior to March 24, 2012; Paper Machine 6M's oscillating wire needle shower; the purchase, service, maintenance, repair, installation, and overall care, custody and control over Paper Machine 6M prior to March 24, 2012; the company's fire alarm system and associated equipment with respect to Paper Machine 6M prior to March 24, 2012; Buildings 5 and 7; and the events leading up to and/or following the injury and subsequent death of JASON C. SLAVISH.  In addition, the depositions of the P&G Employees are necessary to discover and examine the exact events of that fateful day on March 24, 2012.

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Plaintiffs' counsel certifies that he has attempted in good faith to confer with P&G's counsel to

obtain the depositions of the P&G Corporate Designee and the P&G Employees without court intervention, to no avail.

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if Plaintiffs' instant Motion is granted, Plaintiffs request this Court to require P&G to pay Plaintiffs' reasonable expenses incurred in making the Motion, including, but not limited to, attorneys' fees.

### III. **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request this Honorable Court to issue an Order directing that the depositions of the Corporate Designee of Procter & Gamble, as well as the four (4) employees of Procter & Gamble, Emmett Dingee, Michelle Pointek, Richard Harvey, and Robin Rosin, shall be conducted within twenty (20) days of the date of this Court's Order, or else the party and/or attorney responsible for any further delay in the aforementioned depositions shall suffer the imposition of sanctions pursuant to Federal Rule of Civil Procedure 37 as deemed appropriate by this Court.

COMITZ LAW FIRM, LLC

BY:

<u>/S/ JONATHAN S. COMITZ, ESQ</u>.
<u>/S/ PAUL G. BATYKO III, ESQ.</u>
1324 Memorial Highway
Shavertown, PA 18708
(570) 901-1235 (phone)
(570) 901-1240 (fax)
jcomitz@comitzlaw.com
pbatyko@comitzlaw.com