IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SLAVISH and CAROL SLAVISH, Administrators of the Estate of JASON C. SLAVISH, Decedent, and in their own right as Decedent's Parents,<br><br>      Plaintiffs,<br><br>v.<br><br>SIMPLEXGRINNELL, L.P.,<br><br>      Defendant. | Civil Action No. 3:13-00631-MEM<br>Judge Malachy E. Mannion<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SIMPLEXGRINNELL LP'S BRIEF IN SUPPORT OF ITS
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Plaintiffs allege that an unknown defect in a fire alarm system installed by SimplexGrinnell at a Proctor & Gamble ("P&G") paper making plant somehow allowed a paper making machine to kill Jason Slavish. Aside from setting forth the gruesome facts surrounding Mr. Slavish's death, Plaintiffs fail to allege any facts that plausibly explain how a defect in the fire alarm system is to blame. Without causation, Plaintiffs' Complaint fails to state claims for negligence, products liability, and breach of warranty. The Court should therefore dismiss Plaintiffs' Complaint with prejudice.

**I.  FACTUAL BACKGROUND**

  **A.  Jason Slavish's fatal accident.**

On March 24, 2012, Jason Slavish, an employee at P&G, died while repairing a paper making machine. *See* Compl. at ¶¶ 9-21. In particular, Mr. Slavish's head and neck became trapped between the machine's oscillating pipe and a stationary part of the machine. *Id*. at ¶ 11.

1

Mr. Slavish called for help and a nearby co-worker began notifying other co-workers and pulling fire alarms. *Id*. at ¶¶ 12-14. Plaintiffs allege that the unidentified co-worker attempted to activate three or four fire alarms, but none of them worked. *Id*. at ¶¶ 15-16. Eventually, the oscillating pipe switched direction and Mr. Slavish fell to the floor. *Id*. at 19-20. He was then taken to a local hospital where he died from his injuries. *Id*. at 21.

### B.   The Proctor & Gamble fire alarm system.

Plaintiffs further allege that SimplexGrinnell worked with P&G to "design, calibrate, install, service, maintain, repair or otherwise monitored the fire alarm systems in Building 45." Compl. at ¶ 25.[1] They further claim that SimplexGrinnell should have known of the "unique and specific conditions, dimensions, layout, design and other environmental and work conditions of P&G's assigned work locations, storage and machinery." *Id*. at ¶ 26. As a result of these two "facts" Plaintiffs conclude that Jason Slavish's death "could have been avoided but for the failure of Simplex's fire alarm system." *Id*. at ¶ 27.

### C.   Plaintiffs' claims.

Based on these facts, Plaintiffs sue SimplexGrinnell for negligence, strict liability/product liability, breach of warranties, wrongful death, and a survivor action. *See generally* Compl.[2]

---

[1]   In fact, SimplexGrinnell did not install the fire alarm system, it was installed by a company called Autocall. Neither did SimplexGrinnell design or maintain the system. That was done by P&G. Finally, all monitoring of the fire alarm system took place on the P&G campus at a 24-hour guard shack manned by P&G employees. For purposes of this motion, however, SimplexGrinnell accepts all of Plaintiffs' well-plead allegations as true, as is required under Rule 12. *See Ireland v. Pa. Bd. of Parole*, No. 1:10-1689, 2012 WL 1642468 (M.D. Pa. Mar. 16, 2012) (when deciding a Rule 12 motion, a court will read a complaint's factual allegations as true and in the light most favorable to plaintiff) (attached).

[2]   Plaintiffs' wrongful death and survivor actions are derivative claims and therefore suffer the same pleading deficiencies as Plaintiffs' negligence, products liability and warranty claims. *See Salvio v. Amgen, Inc.*, 810 F. Supp. 2d 745, 757 (W.D. Pa. 2011) ("Plaintiff's wrongful death claim and survival action . . . cannot be brought, however, as claims in-and-of themselves, because an underlying claim, such as negligence, is needed for these claims to be cognizant.").

## II. LEGAL STANDARD

To survive a motion for judgment on the pleadings plaintiffs' complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMO Shadyside*, 578 F. 3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). Though the court will read a complaint's factual allegations as true and in the light most favorable to plaintiffs, this deference does not apply to plaintiffs' legal conclusions. *Ireland v. Pa. Bd. of Parole*, No. 1:10-1689, 2012 WL 1642468 (M.D. Pa. Mar. 16, 2012) (attached) (quoting *Iqbal*, 556 U.S. 662). Plaintiffs must do more than plead allegations consistent with defendant's liability as mere "bald assertions' or 'legal conclusions'" will not survive. *Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902, 906 (3d Cir. 1997) (citations omitted). Indeed, "a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it." *Hellman v. Kircher*, No. 07-1373, 2008 WL 2756282 *3 (W.D. Pa. July 15, 2008) (attached) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ireland*, 2012 WL 1642468 at *5 (the pleaded facts must "permit the court to infer more than the mere possibility of misconduct.") (*quoting Twombly*, 127 S. Ct. at 1965). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993).

## III. ARGUMENT

### A. Plaintiffs plead no facts that plausibly show how any alleged defect or failure of the fire alarm system caused Mr. Slavish's death.

A complaint must set out sufficient, substantive allegations of misconduct or be dismissed. *See Jackson v. Louisville Ladder, Inc.*, No. 1:11-cv-1527, 2011 WL 5878357 (M.D. Pa. Nov. 23, 2011) (attached); *Fowler*, 578 F. 3d at 210. Indeed, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Phillips v.*

3

*County of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008). Although Plaintiffs' Complaint appears to set forth the elements for their negligence, products liability and breach of warranty claims, it is completely devoid of facts that would tend to explain or show how the alleged negligence, defect, or breach of warranty (failure of the fire alarm system) caused Jason Slavish's death – a necessary element for all of their claims. *See Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F. 3d 912, 937 n. 23 (3d Cir. 1999) (in Pennsylvania, "strict liability, negligence, and breach of warranty claims … each requires a proximate connection between the defendants' conduct and the plaintiff'[s] injuries") (citations omitted).[3]

This Court's decision in *Jackson v. Louisville Ladder, Inc.*, is instructive. 2011 WL 5878357. There, plaintiff brought negligence and strict products liability claims against a ladder manufacturer for injuries sustained following a fall from a ladder. *Id*. at *2. The defendant manufacturer moved to dismiss plaintiff's complaint arguing that plaintiff had failed to allege how the ladder failed or what defect in the ladder caused it to fail. *Id*. This Court agreed:

> Plaintiff merely asserts that the ladder was manufactured and sold in a defective, unreasonably dangerous state, that Louisville Ladder failed to exercise reasonable care in the ladder's design and manufacture, and failed to provide adequate warnings. The complaint does not allege any facts as to how the ladder collapsed,

---

[3]  *See also Williams v. Wyeth, Inc.*, No. 10-0744, 2013 WL 3761107 at * 4, n. 2 (E.D. Pa. July 18, 2013) ("Causation is required under Pennsylvania law to demonstrate: (1) negligence, *Brandon v. Ryder Truck Rental, Inc.,* 34 A.3d 104, 110 (Pa. Super. Ct. 2011) ("The evidentiary requirements of negligence law demand proof that injury is proximately caused by a specific defect in design or construction . . . ."); [. . .]; (3) failure to warn, *Sherk v. Daisy–Heddon,* 498 Pa. 594, 450 A.2d 615, 617 (Pa. 1982) (reversing lower court's decision because the evidence precluded a necessary finding that inadequate warnings caused Plaintiff's injury); (4) defective design or manufacture, *Spino v. John S. Tilley Ladder Co.*, 548 Pa. 286, 696 A.2d 1169, 1172 (Pa. 1997) ("Pennsylvania law requires that a plaintiff prove two elements in a product liability action: that the product was defective, and that the defect was a substantial factor in causing the injury."); and (5) breach of warranty, *Yurcic v. Purdue Pharma., L.P.*, 343 F.Supp.2d 386, 394 (M.D. Pa. 2004) ("To prevail on a claim for breach of warranty under the Pennsylvania Uniform Commercial Code . . . , Plaintiffs must establish that a breach of warranty occurred and that the breach was the proximate cause of the specific damages sustained.")).

4

>which would be necessary for a finding that Louisville Ladder breached its duty of care, or for a finding that the ladder was defective. The assertions in the complaint about the defectiveness of the ladder and the Defendants' failure to exercise reasonable care are mere legal conclusions, and the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

*Id.* (internal quotations omitted).

Plaintiffs' Complaint, aside from rehashing the grisly facts surrounding Mr. Slavish's death, alleges no facts that would tend to establish how any alleged defect or failure of P&G's fire alarm system caused Mr. Slavish's death or, more particularly, how "Slavish's crush injuries and subsequent death could have been avoided but for the failure of Simplex's fire alarm system." Compl. at ¶ 27. Plaintiffs' causation theory is premised only on the presence of the fire alarm system in the same building where Mr. Slavish's accident occurred. This is not sufficient. *See Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F. 3d 69, 74 (3d Cir. 1996) ("It is axiomatic that the mere showing of an accident causing injuries is not sufficient from which to infer negligence. Negligence is a fact which must be proved; it will not be presumed.") (internal quotations omitted); *Ridgway Nat'l. Bank v. N. Am. Van Lines, Inc.*, 326 F. 2d 934, 936 (3d Cir. 1964) ("The mere happening of an accident does not mean that someone was negligent"). Plaintiffs have the burden of pleading facts plausibly connecting SimplexGrinnell's action or inaction with Mr. Slavish's death. They have not, and the Court should dismiss Plaintiffs' Complaint with prejudice.

## **CONCLUSION**

Plaintiffs plead no facts to plausibly support their allegation that an unidentified defect in the fire alarm system caused Mr. Slavish's death. Because causation is a necessary element of Plaintiffs' claims, Plaintiffs' Complaint fails to state a claim and this Court should dismiss all claims against SimplexGrinnell with prejudice.

Dated this 4th day of October, 2013   Respectfully submitted,

By: /s/ Jason R. Scott_____
Jason R. Scott (*Pro Hac Vice*)
SHOOK, HARDY & BACON L.L.P
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547

H. Marc Tepper
Patrick T. Casey
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 South 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Telephone: 215-665-8700
Fax: 215-665-8760

**Attorneys for Defendant SimplexGrinnell LP**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2013, I filed the foregoing with the clerk of the court using the court's CM/ECF system, which served electronic notice upon the following:

> Jonathan S. Comitz
> Kristopher J. Januzzi
> Comitz Law Firm, LLC
> 1324 Memorial Highway
> Shavertown, PA 18708
> Telephone: 570-901-1235
> Fax: 570-901-1240
> jcomitz@comitzlaw.com
> kjanuzzi@comitzlaw.com

/s/ Jason R. Scott _____
Jason R. Scott