IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SLAVISH and CAROL SLAVISH, Administrators of the Estate of JASON C. SLAVISH, Decedent, and in their own right as Decedent's Parents,<br><br>                              Plaintiffs,<br><br>v.<br><br>SIMPLEXGRINNELL, L.P.,<br><br>                              Defendant. | Civil Action No. 3:13-00631-MEM<br>Judge Malachy E. Mannion<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SIMPLEXGRINNELL LP'S BRIEF IN SUPPORT OF**
**<u>MOTION TO COMPEL DISCOVERY RESPONSES</u>**

Plaintiffs refuse to produce documents or evidence to support the claims and allegations in their Amended Complaint.[1]  Plaintiffs allege that an unknown defect in the fire alarm system installed at Proctor & Gamble's paper making facility allowed a paper making machine to kill Jason Slavish.  Because SimplexGrinnell believes Plaintiffs' claims are without support, it served discovery asking for all evidence, documents and information Plaintiffs had to support their claims.  Despite an extension to respond to these requests, and attempts to obtain responses following Plaintiffs' continued failure, Plaintiffs have not responded or objected to SimplexGrinnell LP's Requests for Interrogatories or Requests for Production.  The Court should

---

[1]  Plaintiffs recently filed an Amended Complaint in response to SimplexGrinnell's Motion for Judgment on the Pleadings.  (Doc. 23).  Although SimplexGrinnell served its discovery requests before Plaintiffs filed their Amended Complaint, the information, documents and evidence sought by SimplexGrinnell's requests is directly relevant to Plaintiffs' claims and allegations in both Complaints – i.e. any evidence, document or information to support Plaintiffs' claim that the fire alarm system was somehow connected to, or could operate as an electrical/mechanical shutdown for the papermaking machine that killed Jason Slavish.

1

therefore compel Plaintiffs to produce complete responses to SimplexGrinnell's requests, and order Plaintiffs to pay expenses and fees as dictated by Rule 37.

## I. FACTUAL BACKGROUND

### A. Plaintiff has consistently shirked discovery response deadlines.

SimplexGrinnell served its first request for interrogatories and first request for production on May 30, 2013. Plaintiffs' responses were due July 1, 2013. Fed. R. Civ. P. 33(b). SimplexGrinnell granted an extension of time which pushed the deadline to respond to SimplexGrinnell's requests until July 31, 2013. Because it had not received any responses by August 22, 2013, SimplexGrinnell sent a letter demanding responses by August 26, 2013. *See* Correspondence dated August 22, 2013 (Ex. A).

Following more silence, SimplexGrinnell sent another letter to Plaintiffs' counsel on September 4, 2013, requesting responses without having to involve the Court. Correspondence dated September 4, 2013 (Ex. B). Plaintiffs responded on September 6, 2013, and promised to provide complete responses no later than September 13, 2013. Correspondence dated September 6, 2013 (Ex. C). When Plaintiffs still failed to provide any responses, SimplexGrinnell believed Plaintiffs had no evidence to support their deficiently-pled claims and filed a Motion for Judgment on the Pleadings on October 4, 2013. *See* Mot. for J. on Pldgs. (Docs. 18 and 19). Plaintiffs responded by filing an Amended Complaint on October 18, 2013 (Doc. 23), but still have not provided any discovery responses.

## II. LEGAL STANDARD

### A. Plaintiffs must produce requested discovery pursuant to Rule 37.

Rule 33 of the Federal Rules of Civil Procedure permits discovery by written interrogatory of any matter governed by 26(b), including "any nonprivileged matter relevant to

5954814 v2

any party's claim or defense." Fed. R. Civ. P. 33(a)(2); 26(b).  Rule 37 authorizes a motion to compel discovery when, after a good faith effort to resolve the dispute by conference with opposing counsel, a party still fails to disclose requested discovery.  Fed. R. Civ. P. 37(a).  Further, "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

Rule 37 mandates the award of fees and reasonable expenses incurred in making a motion to compel if the Court grants the motion or the nonmoving party provides the responses after the motion is filed.  Fed. R. Civ. P. 37(a)(5)(A).  Because SimplexGrinnell has conferred in good faith to obtain responses without court intervention, Plaintiffs must be ordered to pay expenses and attorneys' fees unless they can show a substantial justification for refusing to respond to a single discovery request, now nearly four months overdue.

### III.  ARGUMENT

#### A.  Plaintiffs must comply with SimplexGrinnell's discovery requests and produce evidence to support Plaintiffs' allegations.

Plaintiffs have refused to disclose any information substantiating their allegations that SimplexGrinnell's alarm system somehow allowed paper making machine 6M to kill Jason Slavish.  At no point have Plaintiffs produced any testimony, document, or communication to support this claim, other than stating in conclusory fashion that "upon information and belief, when the fire alarm system is activated PAPER MAKING MACHINE 6M automatically shuts down and deactivates."  Am. Compl. at ¶ 17 (Doc. 23).  Because SimplexGrinnell's discovery requests seek Plaintiffs' evidence to support this and Plaintiffs' other allegations, the requests do not violate Rule 26, and Plaintiffs' must comply.  The Court should grant the motion and order Plaintiffs to respond to SimplexGrinnell's requests for interrogatories and production.

3

    **B.**    **The Court should award SimplexGrinnell its expenses and fees related to this motion because it has consistently attempted in good faith to obtain responses to the discovery requests, and Plaintiffs' noncompliance is without justification.**

Rule 37 mandates the noncompliant party pay expenses and fees should the Court grant a motion to compel or if the noncompliant party produces documents after filing of the motion, barring three narrow exceptions: 1) if the movant did not attempt to obtain the discovery in good faith; 2) the nonmovant's nondisclosure was substantially justified; or 3) other circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A); *see also Newman v. GHS Osteopathic, Inc. v. Parkview Hosp. Div.*, 60 F. 3d 153, 156 (3d Cir. 1995).

None of the exceptions save Plaintiffs here. SimplexGrinnell granted Plaintiffs an extension and conferred on two separate occasions over the course of four months in a good faith effort to obtain responses to its discovery requests. The requests ask for any evidence Plaintiffs have to support their allegations against SimplexGrinnell in this lawsuit. They are not overbroad and they do not violate Rule 26. Plaintiffs' refusal to produce any discovery relating to their claims against SimplexGrinnell is unjustified and warrants the award of expenses and fees. Indeed, this Motion would have been unnecessary but for Plaintiffs' refusal to respond. The Court should therefore grant SimplexGrinnell's motion to compel and award it all expenses and fees incurred as a result of briefing and filing the motion.

## IV.   <u>CONCLUSION</u>

SimplexGrinnell seeks information essential to defending itself against Plaintiffs' case. Plaintiffs' tactics have delayed this litigation and confirmed SimplexGrinnell's suspicions that Plaintiffs lack evidence to prove their claims against SimplexGrinnell. The Court should grant this Motion and compel Plaintiffs to respond to SimplexGrinnell's requests for interrogatories and documents. Moreover, because Plaintiffs' refusal to respond was unjustified, the Court

should award SimplexGrinnell all expenses and fees incurred as a result of the briefing and filing of this Motion.

                        Respectfully submitted,

                  By: /s/ Jason R. Scott_____
                     Jason R. Scott (*Pro Hac Vice*)
                     SHOOK, HARDY & BACON L.L.P
                     2555 Grand Boulevard
                     Kansas City, MO 64108-2613
                     Telephone: 816.474.6550
                     Facsimile: 816.421.5547

                     H. Marc Tepper
                     Patrick T. Casey
                     BUCHANAN INGERSOLL & ROONEY PC
                     Two Liberty Place
                     50 South 16th Street, Suite 3200
                     Philadelphia, PA 19102-2555
                     Telephone: 215-665-8700
                     Fax: 215-665-8760

                  **Attorneys for Defendant SimplexGrinnell LP**

### CERTIFICATE OF SERVICE

       I hereby certify that on the 1st day of November, 2013, I filed the foregoing with the clerk of the court using the court's CM/ECF system, which served electronic notice upon the following:

       Jonathan S. Comitz
       Kristopher J. Januzzi
       Comitz Law Firm, LLC
       1324 Memorial Highway
       Shavertown, PA 18708
       Telephone: 570-901-1235
       Fax: 570-901-1240
       jcomitz@comitzlaw.com
       kjanuzzi@comitzlaw.com

                              /s/ Jason R. Scott_____
                              Jason R. Scott

5954814 v2